## GARNER v. HUDSON.

Court of Appeals of Kentucky.

Dec. 18, 1953.

Rehearing Denied March 26, 1954.

Allen P. Cubbage, Leitchfield, S. H. Monarch, Hardinsburg, for appellant.

Robert O. Trent, A. Murray Beard, Trent & Beard, Hardinsburg, for appellee.

COMBS, Justice.

The plaintiff, Hudson, filed this suit setting up his ownership of a farm in Breckinridge County and alleging his right to a passway from his land across the lands of other landowners adjoining him. The adjoining landowners were not identified. Plaintiff alleged that the defendant, Garner, had obstructed a passway—not identified— to his inconvenience and damage. The prayer of the petition was for damages; that the defendant be required to remove the obstruction; that the road be opened; and that defendant be enjoined from again obstructing it. The prayer concludes with a request for all proper relief.

The petition is defective because of the failure to state that plaintiff is entitled to a passway over defendant's lands. After a demurrer to the petition was overruled, the parties proceeded to trial on that issue.

It was developed by the testimony that both plaintiff's and defendant's farms had once been part of a common boundary owned by plaintiff's father. It was also established that plaintiff and his predecessors had used a passway across the land now owned by defendant for some 60 years. The passway was not clearly marked and it appears that defendant had recently changed its location so that it would run closer to his fence line, but still on his land. The change in location precipitated this suit.

The case was submitted to a jury which returned the following verdict:

"We the jury decide to leave said road as is, and that Mr. Hudson have the permission to keep said road in passable condition.

"We the jury decide there shall be no damages exercised in this case."

The court thereupon entered judgment that plaintiff was entitled to a passway across defendant's land; that the relocation of the passway by defendant did not materially affect plaintiff's right; and that plaintiff has the right to maintain the passway. Plaintiff's claim for damages and his request for an injunction were denied. Each party was required to pay his own court cost.

Since plaintiff's right to a passway over defendant's lands was definitely established by the testimony, we think the court dispensed substantial justice. But there must be some method in the trial of a lawsuit; and the first requirement under Carroll's Civil Code of Practice, § 90, applicable to this case, is that the plaintiff state with some particularity the relief he seeks against the defendant. The difficulty here is that the petition did not ask that a passway be established over defendant's lands or otherwise state a cause of action. Plaintiff merely asked, in addition to damages, that the defendant be enjoined from obstructing some unidentified passway which plaintiff and his family had been using. The court erred, therefore, in failing to sustain the demurrer to the petition; in failing to sus-

tain defendant's motion for a peremptory instruction; and in failing to dismiss the petition even after verdict. The verdict itself is inconclusive, as indicated by the fact both parties filed motion and grounds for a new trial. The jury merely found that the passway should remain as relocated by the defendant. This was in effect a verdict for him. So it cannot be said that the verdict cures the defective petition.

The judgment is reversed with directions to dismiss plaintiff's petition.